IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MATTHEW T. COFFMAN                                                    PLAINTIFF

v.                                    CIVIL NO. 11-3116

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Matthew T. Coffman, brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his applications for a period of disability and disability insurance

benefits (DIB) and supplemental security income (SSI) benefits. (Doc. 1). The Defendant filed

an answer to Plaintiff's action on April 20, 2012, asserting that the findings of the Commissioner

were supported by substantial evidence and were conclusive. (Doc. 7). Plaintiff filed an appeal

brief on May 23, 2012. (Doc. 8).

On July 9, 2012, the Commissioner, having changed positions, filed a motion requesting

that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct

further administrative proceedings. (Doc. 12). The Defendant states that upon remand, the ALJ

will schedule and conduct another hearing, and will obtain vocational expert testimony to clarify

the impact of Plaintiff's limitations on his occupational base. The ALJ will also identify and

resolve any conflicts between the occupational evidence provided by the vocational expert and

the <u>Dictionary of Occupational Titles</u>.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g).  A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency.  The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, the Court finds remand for the purpose of the ALJ to further evaluate the evidence as addressed above appropriate.

Based on the foregoing, the Court finds remand appropriate and grants the Commissioner's motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 8th day of August, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-2-